**In re WHET, INC., Debtor.**

**Appeal of AFFILIATED INTER-NATIONAL INVESTORS, INC.**

**Bankruptcy Nos. 81–9028, 81–9046.**

United States Bankruptcy Appellate Panel for the First Circuit.

May 6, 1982.

Edward Kenneth Suskin, Libertyville, Ill., for Affiliated International Investors, Inc.

Jon D. Schneider, Goodwin, Procter & Hoar, Boston, Mass., for David J. Ferrari, Chapter 11, trustee.

Anthony R. Martin-Trigona, pro se.

William Tucker, Boston, Mass., U. S. Trustee.

Arthur Lincoln, Acton, Mass., Guy B. Moss, Widett, Slater & Goldman, P.C., Boston, Mass., Jan I. Gellis, Gellis & Melinger, New York City, Widett & Glazier, Boston, Mass., for Acton Corp.

Before VOTOLATO, Chief Judge, and JOHNSON and GOODMAN, Bankruptcy Judges.

## ORDER DISMISSING APPEALS

On January 4, 1982, the Trustee filed a motion to dismiss appeal number 81–9028 because of Appellant's failure to timely file a brief. On January 7, 1982, Appellant filed a renewed motion for extension of time to file its brief.[1] In that motion, and in its response to the Trustee's motion to dismiss, the Appellant alleged that the record on appeal is not complete, and that certain unspecified transcripts which were ordered have not been received. In response, on March 15, 1982, the Panel issued an order to show cause. We noted that, pursuant to Rule 7 of the First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts and Appellate Panels, it was "Appellant's duty to order the requested transcripts and make satisfactory arrangements for payment of their cost." We further noted that "nothing in the record [indicates] that the Appellant has ordered specific transcripts which have not been received . . . ." Appellant was ordered to show cause why the appeal should not be dismissed for failure of Appellant to timely file its brief.

Appellant's response merely repeated that it had made a timely order of the transcript of proceedings, and had not yet received the same. We therefore issued a second show cause order in which we

ORDERED that on or before April 8, 1982, Appellant provide by affidavit and supporting documentation, an offer of proof naming the *specific* transcripts (by

---

1. The Panel denied Appellant's first motion for extension of time.

date of proceeding) it has ordered but not received, the date said transcripts were ordered, how and from whom they were ordered, the arrangements made for their cost including proof of payment if made, and any other information relevant to showing why this appeal should not be dismissed.

(Emphasis in original).

Appellant responded with an unsworn statement and copies of two letters which disclose that in August, 1981, Appellant ordered transcripts of proceedings held on September 24, 1980, January 22, 1981, and May 21, 1981, and that Appellant has not received the May 21, 1981 transcript. Appellant has failed, however, to show what arrangements, if any, were made for payment of its cost.

Rule 7 states in part: "If the record designated by any party includes a transcript of any proceeding or a part thereof, he shall *immediately after the designation, order the transcript and make satisfactory arrangements for payment of its cost.*" (Emphasis added). Appellant has been specifically ordered to show what arrangements were made, and has failed to do so. It appears that appellant, in fact, did not make *timely*[2] satisfactory arrangements with the reporter for payment of the cost of the transcript. Therefore, Appellant's renewed motion for an extension of time to file briefs is denied, and the Trustee's motion to dismiss for failure to timely file a brief is granted.[3] *See* Rule 2(a)(1), First Circuit Rules.

Appellant filed its notice of appeal in appeal number 81–9046 on October 5, 1981. On February 1, 1982, Anthony R. Martin-Trigona purportedly filed a motion for extension of time to file briefs. By order dated March 5, 1982, we noted that Martin-Trigona does not represent Appellant, and we dismissed his motion.[4] We further ordered Appellant to show cause on or before March 24, 1982 why the appeal should not be dismissed for failure of Appellant to timely file its brief.

Appellant has filed no response in appeal number 81–9046 to our order. However, it appears that Appellant's responses to our show cause orders in appeal number 81–9028 were intended to apply also to number 81–9046, and we so treat them. As discussed above, it appears that Appellant did not make timely arrangements for payment of the cost of the missing transcript, nor has it filed a brief. Appellant is not aided by his argument that Martin-Trigona was entitled to move for an extension of time. *See* Note 4, *supra*. We dismiss appeal no. 81–9046 because of Appellant's failure to timely file its brief.

---

2. Appellant ordered the transcript by letter dated August 17, 1981.

3. Appellant has not filed a brief.

4. Appellant would have gained nothing had we granted Martin-Trigona's motion, since the effect would have been to extend the time for *Martin-Trigona*, not Appellant, to file briefs. We express no opinion as to whether Martin-Trigona had either the duty or the right to file briefs in this proceeding.